UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 09-96-DCR |
| | ) | Civil Action No. 2: 11-7158-DCR |
| V. | ) | |
| | ) | |
| STEPHANIE MORALES, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Stephanie Morales' motion to vacate, set aside, or correct her sentence of 72 months of imprisonment imposed on July 12, 2010. On March 29, 2012, United States Magistrate Judge Edward B. Atkins recommended that Morales' motion be denied.[1] For the reasons that follow, the Court agrees with the recommendation of the Magistrate Judge.

**I.**

Defendants Tyrone Tanks and Stephanie Morales were indicted by a federal grand jury on December 10, 2009, following the armed robbery of a liquor store in Boone County, Kentucky. [Record No. 1] Morales was named in three substantive counts alleging violations of the Hobbs Act (18 U.S.C. § 1951), as well as two gun charges (18 U.S.C. §§ 924(c)(1)(A)(ii) and 922(g)(1)). While Defendant Tanks initially sought to suppress the evidence against him,

---

[1] Neither party has submitted timely objections to the Magistrate Judge's recommendations. Notwithstanding the lack of objections, the undersigned has conducted a *de novo* review of this matter.

Morales moved the Court for rearraignment and agreed to cooperate against the co-defendant. [Record No. 27] Faced with Morales' cooperation, Tanks later entered a guilty plea as well. [Record No. 46]

On March 29, 2010, Morales entered a guilty plea to Counts I and II charging violations of Hobbs Act and with carrying or using a firearm during a crime of violence. [Record No. 44] In relevant part, Morales' written plea agreement contained a provision whereby the defendant waived her right to appeal or to collaterally attack the guilty plea, conviction, and sentence, provided the sentence imposed was within the guideline range as finally determined by the Court. [*See* Record No. 58; Plea Agreement, ¶ 8.] This provision was reviewed by the Assistant United States Attorney as well as the Court during the hearing held on March 29th. [Record No. 84] During that hearing, Morales confirmed that she fully understood the effect of her decision to waive her appellate rights as well as the right to seek collateral relief following sentencing. [*Id.* at pp. 9, 14-15] At the conclusion of the hearing, Morales admitted to her role as the get-away driver for Tanks in connection with the robbery of the liquor store which was the subject of the charges contained in the indictment. [*Id.* at p. 19-20]

Morales was sentenced on July 12, 2010, to a total term of imprisonment of 72 months, followed by a term of supervised release of three years. [Record No. 59] During the sentencing hearing, the Court calculated Morales' guideline range under the United States Sentencing Guidelines as being 30 to 37 months for Count I, with a seven-year consecutive term of imprisonment to be imposed under Count II. [*See* Record No. 86; Transcript of 7/12/10 Sentencing Hearing.] However, based on the cooperation Morales provided against Tanks as

well as the defendant's acceptance of responsibility for her crimes, the Court granted the United States' motion for a downward departure and imposed a term of incarceration of 30 months under Count I, to be followed by a consecutive term of imprisonment of 42 months under Count II. While the United States had recommended a total term of incarceration of 76 months, the Court believed that a slightly greater reduction was warranted in the case. As the Court explained during the sentencing hearing, but for Morales' cooperation, the defendant would have received a sentence totaling 121 months. [*Id.* at pp. 22, 25, 26][2] At the conclusion of the hearing, neither the United States nor the defendant objected to the sentence imposed. Likewise, neither party requested that the Court make additional findings to support the sentence. [*Id.* at 86-87]

Defendant Morales did not attempt to directly appeal her guilty plea, conviction or the sentence imposed. However, on February 16, 2011, she submitted the present motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Record No. 79] According to Morales, her attorney provided ineffective assistance by failing to file an appeal following the sentencing hearing which, she claims, was contrary to her instructions.[3]

---

[2] In explaining the sentence imposed, the Court made the following comments during Morales' sentencing hearing:

> Now, Ms. Morales stood up and took responsibility for her actions. Had she not done that, she would have been viewed the same as Mr. Tanks in this case. He's not looking at the same type of reduction as Ms. Morales. Ms. Morales has provided information, has been of assistance, she's admitted her conduct, and as a result, of course, she will see the benefit, a substantial benefit, as a result of doing the correct thing in this case. She said she stood up and she did it for herself and for her children, and I believe that that's the case.

[*Id.* at p. 22] It now appears that, as in many cases, acceptance of responsibility has an expiration date that does not extend much beyond the sentencing hearing.

[3] Morales claims that the basis of the direct appeal would have been the United States' failure to recommend that she receive a sentence of 54 months pursuant to a secret, side agreement that was not disclosed to the Court and was contrary to her earlier representations that no such undisclosed agreements

The United States filed its response to Morales' § 2255 motion on May 17, 2011. [Record No. 88] In relevant part, the government argued that the motion should be denied because Morales knowingly and voluntarily waived her right to collaterally attack her guilty plea, conviction and sentence. [*Id.* at pp. 2-7] Further, with respect to Morales' claims of ineffective assistance of counsel, the United States argued that those claims were insufficient under *Strickland v. Washington*, 466 U.S. 668 (1984). [*Id.* at pp. 7-10] In responding to Morales' argument that she instructed her attorney to file an appeal following the sentencing hearing, the United States submitted a letter from attorney Cross dated July 13, 2010, together with a Waiver of Appeal signed by Morales and dated July 23, 2010, confirming that Morales instructed her attorney not to file an appeal in this case. [Record No. 88-2]

**II.**

Defendant Morales has filed a number of pleadings seeking various forms of relief while her § 2255 motion has been pending. These additions matters do not affect the ultimate disposition of the case. On March 29, 2012, United States Magistrate Judge Edward B. Atkins submitted a report in which he recommended that Morales' § 2255 motion be denied. [Record No. 140] In relevant part, Magistrate Judge Atkins concluded that the waiver provision contained in her Plea Agreement was valid and enforceable. [*Id.* at pp. 2-5] Additionally, the Magistrate Judge determined that Morales has not demonstrated that she is entitled to any relief

---

existed. [*See* Record No. 79, p. 4.] Additionally, the defendant also claims that her attorney was ineffective for failing to produce an affidavit from the co-defendant which purportedly exonerated Morales. Morales also claims ineffective assistance because her attorney failed to object to her guideline calculations and provided erroneous advice regarding the elements of aiding and abetting in connection with her firearms conviction (Count II).

based on her claims of ineffective assistance of counsel. [Id. at pp. 5-16] In addressing this latter issue, Magistrate Judge Atkins found that Morales could not prove her claim of ineffective assistance based on the failure to disclose the Tanks affidavit because: (i) the record contradicts Tank's claim that he provided an exculpatory affidavit for Morales in February 2010; (ii) there is no evidence that Morales' attorney ever received an exculpatory affidavit prepared by Tanks; and (iii) Morales has not shown why the contents of the alleged affidavit would have caused her to reject the plea agreement presented by the United States and run the risk of trial in light of the evidence against her.[4]

In addressing the alleged failure to file a notice of appeal in light of the waiver provision, the Magistrate Judge also addressed Morales' argument under relevant Sixth Circuit authority and concluded that the defendant has shown neither deficient performance nor prejudice under *Strickland*, *id*. at 456. [Record No. 140, p. 12-16]

**III.**

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the

---

[4] Regarding Morales' claim that ineffective assistance was provided regarding the gun charge, the Magistrate Judge properly noted that Morales admitted during her plea hearing that she was aware that Tanks had a firearm when he robbed the liquor store. [*Id*. at p. 11]

right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Morales' § 2255 motion. Additionally, Morales has not shown that a Certificate of Appealability should issue.[5]

## IV.

Morales has not demonstrated that she is entitled to collateral relief under 28 U.S.C. § 2255. Based on the analysis and discussion set out above, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge [Record No. 140] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Stephanie Morales' motion to vacate, set aside, or correct her sentence [Record No. 79] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. A Certificate of Appealability shall not issue because Morales has not made a substantial showing of the denial of any substantive constitutional right.

---

[5] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Morales has not made a substantial showing of a denial of a constitutional right. Likewise, she has not demonstrated that the issues she now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

This 17th day of April, 2012.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge